ings and judgment; but the application failed of final success. The circuit court, therefore, is called upon to say, that a judgment, regularly obtained in the proper court, by which the lien became absolute and was perfected, ought now to be set aside, and the execution thereof avoided, not because the judgment is not a just one, but because, if the assignee had interfered in the proper court, the judgment might have been stayed; and, therefore, the circuit court ought not to do for the assignee what he might have done for himself in another court, if he had thought proper to act in the premises. It appears to me, that the present case falls directly within the reasoning of the case Ex parte Vose. The assignee has not interfered at the proper time, or in the proper court, to stay the judgment or to take off the default, and, therefore, he may, in a just sense, be said voluntarily to have withdrawn himself from the suit.

Upon the whole, in every view, in which I can contemplate this case, it is not one in which the assignee is entitled to relief in this court. Bill dismissed without costs.

## Case No. 4,832.

FISKE v. MASSACHUSETTS NAT. BANK.

[See Case No. 9,857.]

## Case No. 4,833.

FISKE et al. v. SMYTHE.

[15 Int. Rev. Rec. 115.]

Circuit Court, S. D. New York. April 8, 1872.[1]

Edward Hartley and B. L. Ludington, for plaintiffs.

Noah Davis, Dist. Atty., for defendant.

After argument THE COURT charged the jury that the goods were not under the evidence, and in view of the cases cited, "ready-made clothing," nor could they be liable to duty by similitude, under the act of 1842, because that law affected only non-enumerated articles, and these were enumerated under the title of wearing apparel; hence they were not dutiable as scarfs, and directed a verdict for the plaintiff.

## Case No. 4,834.

FITCH v. CORNELL et al.

[1 Sawy. 156.][1]

Circuit Court, D. Oregon. May 10, 1870.

---

[1] [Reversed in 23 Wall. (90 U. S.) 374.]

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]